**NOT PRECEDENTIAL**

**IMG-045**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2070
_____

SHI MU CHEN,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A70-890-054)
Immigration Judge:  Honorable Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2011
Before:  SLOVITER, CHAGARES AND WEIS, Circuit Judges
Opinion filed March 7, 2011
_____

OPINION
_____

PER CURIAM.

        Shi Mu Chen, a native and citizen of China, entered the United States on

June 15, 1992, and filed an application for asylum, withholding, and protection under the

Convention Against Torture ("CAT") on July 12, 1993.  On June 13, 2007, the

Government charged Chen with removability, which he conceded before an Immigration

Judge ("IJ").

After a hearing at which Chen testified, and after receiving evidence post-hearing, the IJ made an adverse credibility finding and denied Chen's applications.[1] Chen appealed to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal and affirmed the IJ's decision that Chen lacked credibility.

Chen submits a petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review factual findings, like an adverse credibility determination, for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005). We evaluate whether a credibility determination was "appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony . . . in view of the background evidence of country conditions." Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004). We afford an adverse credibility finding substantial deference, so long as the finding is supported by sufficient, cogent reasons. See Butt, 429 F.3d at 434. Because the adverse credibility determination in this case was supported by sufficient, cogent reasons, we will deny the petition for review.

There were inconsistencies in Chen's accounts of mistreatment. In the statement that accompanied his initial asylum application in 1993, Chen stated that the Chinese government wanted to imprison him because he, together with other Christians, wrote a letter in November 1991 protesting the detention of a priest and advocating

---

[1] The IJ also concluded that Chen's asylum application was untimely, but the BIA held that it had been timely filed.

2

religious freedom. R. 241. In the statement he submitted in 2007, Chen stated that in August 1991, two police officers arrived at his door and took him to a police station, where other members of underground churches had been detained. R. 236. There, they interrogated him for nine hours, trying to convince him to reveal church information and offering him money to spy for them. R. 236-37. Subsequently, police detained him for 14 days and brainwashed him. R. 237. Before they would release him, they forced him to promise not to attend an underground church and to sign a document describing underground churches as illegal. R. 237. At his hearing in 2008, Chen never mentioned the letter written in support of the priest and religious freedom, but added to his account that he had attracted the attention of the police because he had been handing out fliers in support of his underground church. R. 150-52 & 174.

The BIA also pointed out areas of his testimony that were vague. For instance, although he claimed to be devoted to his religion, Chen was unable to name his church in China or provide the full name of his pastor. R. 149-50 & 152. In addition, Chen has not attended church on a regular basis since arriving in the United States, claiming that his job interfered with his attendance. R. 166. His testimony that he attended church only 10 times in a period of about 10 years and that he was baptized in 2007, R. 167 – only after being placed in removal proceedings – also undermined his credibility. Furthermore, the corroborative evidence that Chen provided after his hearing (a letter from his parents) appeared to have been prepared only to fill in gaps in his testimony.

In short, the agency's conclusion that Chen lacked credibility is supported by the record. Accordingly, the BIA did not err in concluding that Chen did not meet his burden of proof to support his applications for relief from removal. We will deny the petition for review.

4